*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LR.

---

EMILY RADER-SCHEITZ,

        Petitioner-Appellee,

v

LR,

        Respondent-Appellant.

UNPUBLISHED
February 09, 2026
11:18 AM

No. 375831
Washtenaw Probate Court
LC No. 25-000342-MI

---

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's initial order for mental-health treatment. We affirm.

## I. UNDERLYING FACTS

The present case stems from a petition filed in May 2025 that requested involuntary mental-health treatment for respondent because she was suffering from paranoia. Specifically, it alleged that respondent believed that she had a parasite infection and that respondent used her registered handgun to threaten her son when he attempted to get her mental-health treatment.

Two days before the hearing on the petition, respondent received a Notice of Hearing and Advice of Rights. The notice, in relevant part, informed respondent of the date of the hearing on the petition and that respondent had "the right to demand a jury trial at any time before testimony is received at the hearing for which the jury is sought." Before the hearing on the petition began, respondent's counsel stated on the record that he had consulted with respondent before the hearing, which he later confirmed with the appropriate certification. Respondent's counsel also informed the probate court that he and respondent had "no preliminary matters." At no point before, during, or after the hearing did respondent or her counsel indicate that respondent wanted a jury trial.

-1-

At the hearing, the probate court found by clear and convincing evidence that respondent required treatment under MCL 330.1401(1)(a) and (c). After explaining the basis for its decision, the probate court committed respondent to combined hospitalization and assisted outpatient treatment for no more than 180 days, with the first 20 days in the hospital.

## II. ANALYSIS

Respondent's sole argument is that the probate court erred when it failed to ensure on the record that respondent waived her right to a jury trial.

This Court reviews unpreserved issues in civil commitment cases for plain error affecting a respondent's substantial rights. See *In re MAT*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255), pp 2-3. Under the plain-error standard, "a party must show that an error occurred, that it was clear or obvious, and that it caused prejudice, i.e., that the error affected the outcome of the proceedings." *Id*. at ___; slip op at 3 (quotation marks and citation omitted).

Involuntary mental-health proceedings, or civil commitment proceedings, are civil proceedings. *In re Londowski*, 340 Mich App 495, 510; 986 NW2d 659 (2022). The Michigan Constitution provides that, "[t]he right of trial by jury shall remain, but shall be waived in all *civil* cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14 (emphasis added). The manner in which a respondent in a civil commitment proceeding must demand a jury trial is provided by MCR 5.740(B), which provides that, "An individual may *demand* a jury trial at any time before testimony is received at the hearing for which the jury is sought." (Emphasis added.) See also MCL 330.1458. Accordingly, the Michigan Constitution, the Mental Health Code, and the applicable court rules all clearly provide that a right to a jury trial is only available if a demand is made. If a respondent fails to make a proper demand, then the Michigan Constitution provides that the right to a jury trial is automatically waived. See *In re MAT*, ___ Mich App at ___; slip op at 9.

Here, neither respondent nor her counsel ever demanded a jury trial. Therefore, pursuant to the plain language of Const 1963, art 1, § 14, MCR 5.740 (B) and MCL 330.1458, respondent's right to a jury trial was automatically waived. Further, because neither the Michigan Constitution nor the Mental Health Code require a formal waiver of this right, the probate court did not err.

Respondent argues that because of the similar liberty interest implicated by involuntary commitments and criminal prosecutions, the formal waiver that is required in criminal proceedings should be required in civil commitment proceedings. Although civil commitment proceedings "implicate important liberty interests protected by due process," *In re MAT*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted), neither this Court, our Supreme Court, nor the United States Supreme Court has ever held that civil commitment proceedings require the same procedural protections as criminal proceedings. In fact, the courts have indicated quite the opposite. See, e.g., *Addington v Texas*, 441 US 418, 431; 99 S Ct 1804; 60 L Ed 2d 323 (1979);

*In re Martin*, 450 Mich 204, 226-227; 538 NW2d 399 (1995); *In re Londowski*, 340 Mich App at 510.[1]

    Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

---

[1] Although respondent's brief refers generally to due process, respondent never expressly argues that the lack of a formal waiver for the right to a jury trial violates respondent's due-process rights. Accordingly, to the extent that respondent's brief suggests a due-process argument because of the automatic waiver of the right to a jury trial, she has effectively abandoned that argument. See *In re Murray*, 336 Mich App 234, 260-261; 970 NW2d 372 (2021). Likewise, to the extent that respondent argues that her counsel was ineffective because he failed to request a jury trial at her direction, that issue was not properly raised in respondent's brief, so we deem it waived. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004).